JUSTICE REGNIER
concurring.
¶32 While I concur with the ultimate result reached by the Court, I disagree with the Court’s “postconviction relief’ justification for its conclusion that the District Court had jurisdiction to hear Liefert’s appeal. Here, as in Feight, Liefert simply filed a notice of appeal with the District Court challenging the Justice Court’s denial of his motion to withdraw the guilty plea. This was the identical mechanism for appeal employed by the defendants in Feight to challenge the validity of their guilty pleas. Yet the Court in Feight curiously chose not to pursue the “postconviction relief’ jurisdictional analysis. The logic in treating these indistinct appeals altogether differently eludes me.
*30 ¶33 Although Liefert did not file a petition for postconviction relief, in my view the Court deems his appeal as such simply to rectify the jurisdictional quandary created by Feight. The Court’s effort to craft such a subjective solution to the Feight dilemma necessarily results in arbitrary and unfair treatment of the litigants who appear before us. Rather than construing Liefert’s notice of appeal as a petition for postconviction relief, I would simply treat it as a notice of appeal and hold that the District Court had jurisdiction to consider the appeal pursuant to §§ 3-5-303 and 46-20-104, MECA, as outlined in my dissent in Feight.